Our last case for argument this morning is United States v. Lee. And we welcome back Mr. Whelan and Mr. Cohn is making his way to the podium. Come on up, sir. Yep, please do. Mr. Whelan's on the screen. Yeah, please support. This case presents the issue of whether the defendant's confession or statement should be suppressed because he made an unambiguous request for counsel during his interrogation. The district court determined that there was an ambiguity and therefore the officers could continue to question the defendant under U.S. v. Davis. I submit to the court that this is a question that is de novo, that you can make your own determination as to whether or not the statements that were said by the defendant while he was being questioned was ambiguous or not. It's a question in this case also of whether or not if he did ask for a lawyer under the totality of the circumstances, if his statement can be suppressed, even if the question was somewhat ambiguous as far as whether he asked for a lawyer or not. As I said, I submit that he did ask for a lawyer and he clearly asked for a lawyer. On my brief, on page 8, I go through the actual exchange, and while each individual question may not be absolutely clear as to whether or not he did ask for a lawyer, when you look at all those questions in the totality and in the context, it does demonstrate that he clearly and unambiguously asked for a lawyer. First, he says at one point when they were getting into the question of whether he was involved in the armed robbery, he says, do I need a lawyer or something? As I indicated, you can look at the video and you can watch the timeline, and when he asked for a lawyer at that point, the federal agent said, that's totally up to you, my friend, up to you. He goes, before I even tried to talk to you, do I need a lawyer? That's the second attempt he's made to ask for a lawyer. And the officer again says, totally up to you. And then a third time he says, would it be best? The agent answers again, totally up to you, I can't give you advice on that. They tell us we can't give you any advice on that. And then finally, within this two-minute segment that you can independently watch, he says, I feel like I should have a lawyer, but I feel like when I leave here, this is going to be in your ballpark, even if I say I want a lawyer. It is, isn't it? Now, while one of those statements from the defendant in and of itself may not be a clear request for a lawyer, all four of those statements in conjunction in that two-minute period makes it abundantly clear that's what he's talking about. Contrast that with U.S. v. Davis and the facts in that case. In Davis, when the defendant said, maybe I should have a lawyer, maybe I should talk to a lawyer, and the federal agents in Davis immediately stopped questioning the defendant and followed up with questions to clarify, well, what do you mean? And they asked him, do you want a lawyer or not? And he tells them, no, I do not want a lawyer. So they continue to question him. That didn't happen in this case. At no time did the federal agent ever say to him, do you want a lawyer or not? Is that what you're asking for here? But do you agree, Mr. Cohen, that the law does not require law enforcement to clarify what might be an ambiguous sentence? It might be the best practice, but the law doesn't require it. Well, the law doesn't require it in U.S. v. Davis. They did not say they were going to make that a requirement. But what they did say, and I think the part of Davis that the government really doesn't talk about and is the most important part here, is they also say not only is it the best practice, but that can eliminate any problems such as our argument here as to whether or not that was ambiguous. Haven't we specifically said it's not required? In the Seventh Circuit in U.S. v. Lee did say while it's not required, this court said that's the best practice. And that's what the Supreme Court said, that that was the best practice. In fact, the Supreme Court in the end said that that was the proper procedure to follow, and because that procedure was followed in that case, that's why they allowed the statement to go in, because he clearly said when asked later that he didn't want a lawyer. In this case, the officers, while not required to follow up, when you stop and look at the situation, what else can the defendant do? He has now four or five times asked for a lawyer. He's talking to the federal agent who's questioning him. The man in authority, the man who gave him his, well actually he didn't give him the Miranda, the Miranda was done earlier by different officers, but makes it clear that he should be talking about getting a lawyer. And in this case, he did not. In your cases that, Lee being the first one, in 2005, this court or a panel of this court said that we should ask follow-up questions, that that would be the best practice. The district court, well actually the magistrate in this court, says the same thing by way of a footnote. He quotes Lee and says, well maybe it would have been better had they asked follow-up questions. I'm saying to this court that you have the authority to suppress that statement when you look at the totality of the circumstances here, and you look at the fact that the officers made no attempt to ask follow-up questions or whether he really wanted a lawyer. What's a defendant to think at that point if he has no opportunity and the only person who's in charge is telling him, I can't give you any advice on that. Well that federal agent is wrong. That federal agent didn't follow what the best practice would be and what this court said. You think, wait a minute, you think he's required to give advice or just to clarify? I think he's required to clarify. He cannot give advice. You don't want him giving advice. No, I don't want him to give advice, but I do want him to clarify. And while that is not a constitutional requirement, it certainly is something that the Supreme Court approved of in U.S. v. Davis. It's something that this court said should be followed by federal agents, and here we are 15 years later, wasn't followed, and the very same thing happens. This issue comes up a lot, and while it's not required, it certainly is the best practice. And it's one of the important points that you can look at in the totality of the circumstance. First of all, was the defendant asked clarifying questions as to whether he wanted a lawyer or not? That was the case in Davis. They were asked follow-up questions. That was the case in U.S. v. Hampton decided by this court. They asked follow-up questions, and that was the same thing that happened in U.S. v. Lee. The agents in that case asked follow-up questions. Not only is it the best practice, it is a practice that this court should determine is required of federal agents. Here in 2021, when there's an ambiguity, you should follow the better practice of asking follow-up questions. Why not? Otherwise, you're never going to know what the defendant really means. And now we have the strange situation of the government arguing what the defendant's intent was. Now, that doesn't even really make sense for the government to try and argue, well, what was his intent? It's ambiguous, so was should of asking for a lawyer? Was I feel like I should have a lawyer? Is that asking for a lawyer? Well, my client didn't have a high school education. He's not an Oxford don, but certainly, given all the context of what happened here, he did ask for a lawyer, and you should grant him his rights under Miranda and suppress the statement. Thank you very much. Thank you. All right. Mr. Whalen, welcome back. Good morning. Thank you, Your Honors. And may it please the court, Nathaniel Whalen here again on behalf of the United States. And I should have said this last case. I appreciate the court granting my motion to argue via Zoom, so thank you for that. The district court and the magistrate correctly decided the defendant did not clearly and unambiguously invoke his right to counsel. And we actually agree with, I guess, Mr. Lee's argument on appeal now that each individual question is not absolutely clear. That is what Davis requires, though. Davis requires that the defendant clearly and unambiguously request counsel. And where this court has kind of drawn the line is on action-oriented statements. So is the defendant asking the listener to take an action? And in preparing for this argument, one of my colleagues, I think, came up with an appropriate analogy, which is kind of a deli counter. If the defendant walks up to the deli counter and says what he says to the police officers, is he going to get served a sandwich? So, you know, if you go up and say, do I need a grilled cheese or something, this clerk isn't going to give you a sandwich. And can I get a grilled cheese, on the other hand, you are going to get a sandwich. And that's what this court said in Weisinger is the difference. Can I is asking for the present ability to get something as opposed to do I need, which is asking for an opinion. I think if you carry that analogy through to really the only statement this court hasn't dealt with of the defendants, it shows that the district court of magistrate correctly concluded defendant did not clearly, unequivocally ask for counsel. I feel like I should have a lawyer, but, you know, if I go up and I say, I feel like I should have a grilled cheese, but you aren't going to get a sandwich from the clerk because that's not a request for something right now. And that's what this court requires. To address some of the arguments just raised, we aren't arguing what the defendant's intent was. This is not a subjective analysis, as this court said. It's an objective analysis based on what a reasonable officer in the room would have understood. That is the question for this court. We agree. It's de novo. We think both the district court and the magistrate got it right. In terms of whether or not the police officers have to ask clarifying questions, Davis explicitly rejected that. Sure, it says it's better practice. This court has said it's better practice, but there is no requirement whatsoever. And the fact that the police officers did not ask clarifying questions doesn't mean suppression is appropriate. That is Lee, that's Davis, that's this court's case law, and there's nothing to the contrary. Your Honor, I'm not sure I have a whole lot to add to this legal issue. I'm certainly happy to answer any questions the court has. Otherwise, I know it's been a long day and we'll rest on our wreaths. All right. Thank you very much. Thank you. Your time had expired. Do you have any follow up to what Mr. Whalen has said? Just briefly, Your Honors. If someone walked into the deli and said, I feel like I want a sandwich, do you think the person behind the counter is going to sell him a sandwich or just turn him away? That person is probably going to ask him, well, what kind of sandwich? All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement and that concludes our calendar for today.